ORDER
PER CURIAM.
This matter is before the Court on the appeal of Appellant/Respondent, Chris Ravenshead, the putative father of the three children involved in this proceeding, from an order of the Cheyenne River Sioux Tribal Court transferring custody of two of the children, K.J.R. and A.Q.R., to the Appellee/Plaintiff, the children’s biological mother. In addition, despite the fact that paternity tests were taken well after the five years permitted under the Cheyenne River Sioux Tribal Children Code, Ch. 12, § 12.02, the Cheyenne River Sioux Tribal Court ordered a change in paternity of A.Q.R, a minor child, to a person who was not even party to the litigation. The parties to this appeal are both represented by counsel. Since neither party requested oral argument, the Court has determined to decide this matter based on the briefs filed with the Court.
The Notice of Appeal in this matter was filed on July 2, 1997 and a four year delay in this appeal thereafter ensued while the record for appeal was prepared, including the preparation of transcripts. Preparation of the transcripts consumed an unconscionably long period of time.[1] In the interest of affording a more rapid resolution of this long-delayed matter and finally affording stability in the life of the affected minor children involved in this proceeding, this Court has determined to depart from its normal procedure and to issue its final, necessarily abbreviated Order immediately.
Counsel for the Appellant/Respondent has ably presented and argued numerous grounds for reversal of the Order of the Cheyenne River Sioux Tribal Court in this matter dated June 5,1997.[2] Rather than separately disposing of each ground asserted, this Order need only briefly address two of the grounds offered. First, since the paternity tests and Order of the Cheyenne River Sioux Tribal Court came *18 more than five years after A.Q.R.’s birth, under Cheyenne River Sioux Tribal Children Code, Ch. 12, § 12.02, which creates a limited five year period after birth during which paternity can be challenged, the Cheyenne River Sioux Tribal Court had no jurisdiction to alter the paternity of A.Q.R. Its Order doing so therefore violated the express terms of tribal law.
Second, on December 5, 1996, Appellant/Respondent filed his first and only Affidavit of Prejudice seeking to remove Judge Chasing Hawk from presiding in this matter in the Cheyenne River Sioux Tribal Court, alleging bias and prejudice due in part to claimed ex parte communications. The Cheyenne River Sioux Tribal Code is clear that when such a recusal affidavit is filed against a judge, “such Judge shall proceed no further therein, except to call in another judge to hear and determine the matter.” Cheyenne River Sioux Tribal Rules of Civil Procedure, Rule 63(b), Judge Chasing Hawk failed to follow this procedure and, instead, from the bench summarily denied the request that he step aside. In so doing, he not only violated the express language of tribal law on how such matters should be handled, but his actions thereafter were without jurisdiction since tribal law commanded that he “shall proceed no further therein.” Accordingly, his subsequent Order issued on June 5, 1997 awarding custody of K.J.R. and A.Q.R. to the Appellee/Plaintiff was void for want of jurisdiction and must be vacated.
The order of the Court at issue in this appeal dated June 5, 1997 therefore is hereby vacated both insofar as it awarded custody of K.J.R. and A.Q.R to the Appel-lee/Plaintiff and insolar as it altered the paternity of A.Q.R. The case is hereby declared moot and dismissed as to M.R.R. who is no longer a minor. K.J.R. and A.Q.R. hereby are ordered returned to the care and custody of the Appellant/Respondent, Chris Ravenshead, under the terms of the original divorce decree between the parties and the mediated agreement signed by the parties on February 23, 1996. Finally, the case is remanded to the Cheyenne River Sioux Tribal Court with directions to assign any remaining matters to a new judge.
Ho hecetu yelo.
It is so ordered.

. For this most unfortunate delay, this Court apologizes to both parties. The delay was solely attributable to the lack of personnel and financial resources to undertake this duty in addition to the day-in day-out responsibilities of the already limited court staff. It is to state the obvious to observe the dire need for additional personnel and fiscal support for the court system. The risk, of course, is that justice delayed will become justice denied. As an immediate response to this problem, this Court hereby orders that in any pending or subsequent case in which a transcript is not available within 45 days, that the parties will be provided with copies of the audiotapes and proceed forthwith to prepare their briefs with an accompanying briefing schedule.

. The Court specifically commends Raylene A. Frazier, a Paralegal with Dakota Plains Legal *18 Services admitted to practice before this Court, for her helpful briefs submitted to this Court.